De Lara v. Garrosi.

# MANUELA MANRIQUE DE LARA, Complainant,

*v.*

# TOMAS GARROSI ET AL., Dfts.

San Juan, Equity, No. 958.

Supersedeas Bond—Sureties—Qualification—Amount of Bond.

> The approval of a supersedeas bond must be by the judge himself, and cannot be left to the clerk. It is a matter within the sound discretion of the judge. A rule of this court which requires that sureties must be the owners of real property is not inconsistent with the rule of the circuit court of appeals for the first circuit, which does not say that the sureties shall be owners of real property. Where two persons are sureties on a supersedeas bond, each must be the owner of real property, free and clear of all encumbrances, of more than the amount of the bond, and this must be proved satisfactorily to the court.

Opinion filed August 24, 1916.

*Mr. F. H. Dexter* for complainant.

*Mr. R. V. Perez-Marchand* for defendants.

HAMILTON, Judge, delivered the following opinion:

This comes up for hearing on the qualification of sureties on the appeal bond, being a supersedeas bond. It was signed by Juana Maria Gonzales and Tomas Garrosi as principals and Juan Fernandez, Felipe Piraldi, and Francisco Piraldi as sureties. The amount of the bond is $20,000. No question

seems to be made as to the form. The sureties qualify by affidavit that each of them is a freeholder and a resident within this Island of Porto Rico, that each owns property in this district of Porto Rico, and is worth in excess of said amount of $20,000 over and above all just debts and liabilities, exclusive of property exempt from execution.

Objection is made to the bond on the ground that it is not shown that this amount of qualification is in real estate, as provided by rule 13 of this court, which says: "No bond or undertaking will in any case be approved unless it is signed by at least two sureties, each of whom shall make affidavit that he is a resident and property owner within the district and worth in real estate the amount specified in such bond or undertaking over and above all his debts and liabilities, exclusive of encumbrances and property exempt from execution." [6 Porto Rico Fed. Rep. XXXIX.]

There is a provision for what is generally called a split bond, but that does not come up, as that is not the form of this bond. In reply to that it is claimed that rule 13 of the circuit court of appeals for the first circuit does not require real estate qualification. That rule says: "Supersedeas bonds in the circuit and district courts must be taken, with good and sufficient security, that the plaintiff in error or appellant shall prosecute his writ," etc. [6 U. S. Dig. 61, Appx.].

And this circuit court rule is in turn based upon § 1000 of the Revised Statutes, Comp. Stat. 1916, § 1660, which says: "Every justice or judge signing a citation on any writ of error shall, except in cases brought up by the United States or by direction of any department of the government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect," etc.

De Lara v. Garrosi.

So, the immediate question is, Which rule applies, or, perhaps better stated, are the rules inconsistent? It seems that in Porto Rico, and probably generally, bonds are not recordable, are not annotated in the registry of property, and do not per se constitute liens, so that in point of fact a man may be worth the amount of the bond even in real estate to-day and can to-morrow, without violating any law at all, convey away all his property. That is an incident of business relations, however, and will not control except to make the court very cautious about whom it accepts, and that is the very reason that generally corporate bonds are now given, instead of personal security.

Taking up the immediate question, the matter of approval of the bond is left to the judge. It has been decided that it cannot be left to the clerk, so it is a matter to be performed by the judge himself, and it must be within his sound discretion whether to approve or reject the bond. I do not think there is any conflict between the two rules. The rule above says that the supersedeas bond must be taken with good and sufficient security. The rule of this court is, to my mind, simply a statement of what is good and sufficient security, and I do not think that I could approve a bond for $20,000, where the surety owned only personal property, even though to that extent or more, because it is intangible, it can get away so easily. A man may be worth $20,000, but he is not worth it in property on which the marshal can readily levy, and I think rule 13 of this court simply expresses the experience of this court, and it is not a new rule I think. And I do not think I could exercise my discretion and approve a bond unless the party is worth in real estate the amount specified in said bond; and, furthermore, he must specify that he is worth it exclusive of debts and liabilities and

De Lara v. Garrosi.

encumbrances and property exempt from execution. Unless it is exclusive of encumbrances it would not, under rule 13 of the circuit court of appeals be good and sufficient security. A man might be worth $20,000 in real property and have a mortgage on it for $15,000. The fact that the title was in him would not be very persuasive. He would simply have an equity of redemption and the real ownership would only be $5,000. The qualification does not say that the real estate is exclusive of encumbrances. That could be so easily added if it is a fact, that I do not see how it could injure the appellant in any way.

Now again as to the amount. Suppose the question of encumbrances is out of the way. As I understand the evidence, it is satisfactorily shown that the sureties own real property of a little over $20,000, I believe $20,500 in one case and $22,000 in the other, exclusive of exemptions. That is not quite enough in either case. In the one case it is $500 short, taking into account that there is another bond on which they are sureties. They would have to show an ownership of property of $22,000. or their affidavits must show that they own it exclusive of the liability in the other case. Otherwise they have not got the $20,000. The affidavit does not show that either. It may very well be that the property is worth more than it is assessed at for taxation. I have a number of times held, and I think properly, that the assessment for taxes is not conclusive. It is persuasive. I think the court judicially knows that a man is not going to have his property assessed for more than it is worth.

So, I do not think I could approve the bond as it stands, but it looks as if it could be amended. There are two changes. In the first place, they must be shown to be worth the amount in real property, and then the amount must be $20,000 net, and it

De Lara v. Garrosi.

must be exclusive of encumbrances and also exclusive of other liabilities, for instance, one which is known to this court.

I will go a little further and say this. That if the affidavit or some proper proof shows that the real property is worth, we will say, $22,000 net, that would be sufficient. In other words, I know that it is possible that the value on the tax receipts is less than what the property is worth.

I think I will do this. I think I would approve the bond if the sureties will make a further qualification by affidavit that each of them owns real estate unencumbered to the amount of at least $22,000, and also the affidavit of someone else in good standing that that valuation is correct.

You supply an affidavit of these parties following the exact words of this rule that the property is worth upwards of $22,-000, and a certificate of the registrar of property that it is unencumbered, and I will approve the bond.